**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EMANUEL BROWN,

        Petitioner,               Case Number: 05-74192

v.                                     HONORABLE AVERN COHN

PERCY CONERLY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Emanuel Brown (Petitioner) is a state inmate at the Chippewa Correctional Facility in Kincheloe, Michigan, serving consecutive sentences of ten to fifteen years and two years imprisonment. Petitioner has filed a *pro se* petition for a writ of habeas corpus claiming that he was denied parole in violation of his constitutional rights. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are unexhausted, not cognizable and/or lack merit. For the reasons which follow, the petition will be denied.

### II. Background

Petitioner was convicted in 1994 of manslaughter and felony firearm. He was sentenced to ten to fifteen years imprisonment for the manslaughter conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

In his petition, Petitioner challenges the Michigan Parole Board's (MPB)

1

decisions denying him release on parole.  Most recently, the MPB denied Petitioner release on parole on June 30, 2005.

In the challenged Parole Board Notice of Decision, the parole board stated that it lacked reasonable assurance that Petitioner would not become a menace to society or to the public safety if released on parole.  In addition, the parole board noted that Petitioner failed at his interview to show insight into his violent past, failed to take responsibility for his crime, and that Petitioner had a history of prior felonies involving weapons.  See Parole Board Notice of Decision, June 30, 2005, p. 1.

Petitioner raises the following claims challenging that decision:

I. There is a serious substantive due process and equally serious equal protection violation(s) of the Petitioner's constitutional rights in this case as the U.S. Supreme has enunciated for at least a quarter-century and has made clear in numerous decisions that even though a person has no "right" to a valuable government benefit and even though the government may deny him the benefit for any number of reasons there are some reasons upon which the government may not rely.  Petitioner in this case now before this court has been repeatedly denied parole in direct retaliation for personal reasons of one of the Michigan Parole Board members – denial of parole in retaliation invalidates the parole process in the Petitioner's particular case.

II. In the state of Michigan there is no possible remedy for Michigan state prisoners to avail themselves of in making a challenge to the parole board on the substantive due process, Due Process or Equal Protection Clauses of the Michigan or United States Constitutions or more importantly for retaliatory behavior/decisions by the Michigan Parole Board members – therefore there is no state court remedy as enunciated by the Michigan legislature, Michigan Court of Appeals and supported by the Michigan Supreme Court.

III.  Analysis

A.  Exhaustion

Respondent argues that the petition should be dismissed because Petitioner's claims are unexhausted.  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  See 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  O'Sullivan, 526 U.S. at 845.  A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  See Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002).  The petitioner bears the burden of showing that state court remedies have been exhausted.  Rust, 17 F.3d at 160.  In his second claim, Petitioner argues that no state remedies are available for him to exhaust.  Exhaustion is not required where a remedy in state court is unavailable.  O'Sullivan, 526 U.S. at 847-48.  Thus, the Court must determine whether Michigan courts provide a means through which Petitioner may challenge the denial of parole.

Prior to 1999, a parole board decision granting or denying parole was appealable by the prisoner, prosecutor, or the victim of the crime for which the prisoner was convicted.  Mich. Comp. Laws § 791.234(8).  In 1999, the Michigan Legislature amended that provision to allow for appeals *only* from the action of the parole board in *granting* parole by the prosecutor or the victim.  Mich. Comp. Laws § 791.234(9).  In response to the 1999 amendment, the Michigan Supreme Court amended Michigan

3

Court Rule 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. See M.C.R. 7.104(d)(1), (2)(a). In addition, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631. Hopkins v. Michigan Parole Board, 237 Mich. App. 629 (Mich. Ct. App. 2000).

While a prisoner may no longer challenge a parole denial under Mich. Comp. Laws § 791.234(8), the Administrative Procedures Act, or the Revised Judicature Act, the legality of a prisoner's denial of parole "is not insulated from judicial oversight" because a prisoner may file a complaint for habeas corpus or a complaint for an order of mandamus. Morales v. Michigan Parole Board, 260 Mich. App. 29, 40-41(Mich. Ct. App. 2004). "[A] prisoner's right to file a complaint for habeas corpus is guaranteed by the Michigan Constitution." Id. at 40. However, relief under state habeas corpus is available only "under certain radical circumstances." Id. at 41. The Michigan Court of Appeals has held that a complaint for habeas corpus may properly be filed to challenge a parole denial where the Parole Board has denied parole "exclusively on the basis of his race, religion, or national origin." Id. at 40-41.

While the court of appeals declined to specify a "completely exhaustive list" of scenarios under which a prisoner may file a complaint for habeas relief to challenge a parole denial, this Court finds it unlikely that the court of appeals would consider Petitioner's challenges to his parole denial to allege "radical defects" rendering the parole decision void. Therefore, the Court will not require Petitioner to file a complaint

4

for habeas relief in state court before addressing the merits of his petition.[1]

Additionally, a habeas petitioner need only exhaust remedies that are part of the "'normal' appellate review process." Clinkscale v. Carter, 375 F.3d 430, 439 (6th Cir. 2004), *quoting* O'Sullivan, 526 U.S. at 844-45.  Michigan courts recognize that mandamus is an "extraordinary remedy." Morales, 260 Mich. App. at 41.  As such, it is not part of Michigan's normal appellate review process.  Moreover, mandamus is available to a prisoner challenging a parole denial only "where there has been a ministerial error or omission;" it is not available to review the "exercise of discretion vested in a public official or administrative body." Id. at 40-41.  As such, the petition is not subject to dismissal on exhaustion grounds.

### B.  Merits

Petitioner argues that the MPB violated his right to due process when it denied him parole because the victim of his crime was the niece of a parole board member.[2]  As explained below, this claim lacks merit.

Petitioner has no constitutional right to be released on parole because there is no constitutional right of a lawfully convicted person to be conditionally released before the

---

[1] Even if Petitioner's claims could properly be raised in a state habeas corpus petition, the Court, nevertheless, may address the merits of the petition without first requiring exhaustion because a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims.  28 U.S.C. § 2254(b)(2); *see also* Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court).

[2] In his point headings, Petitioner also states that his rights under the Equal Protection Clause were violated.  Petitioner provides no explanation or argument in support of this claim.  The Court, therefore, finds no equal protection violation.

expiration of a valid sentence.  *See* Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7(1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8, (1987).  Thus, there is no federal constitutional right to parole.  Gavin v. Wells, 914 F.2d 97, 98 (6th Cir. 1990); Sweeton v. Brown, 27 F.3d 1162 (6th Cir. 1994).

In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board.  In re Parole of Johnson, 235 Mich. App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and 791.234(7)).  *See also* Mich. Comp. Laws § 791.234(9).  The Michigan parole statute does not create a right to be paroled.  Hurst v. Dep't of Corr. Parole Bd., 119 Mich. App. 25, 28-29, 325 N.W.2d 615, 616 (1982).  Because the Michigan Parole Board has discretion whether to grant parole, a defendant does not have a protected liberty interest in being released on parole.  Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994).  "[T]he expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained.'" Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100).  Consequently, petitioner does "not have a sufficient liberty interest in his future parole release to be entitled to due process in his parole release proceedings." Sharp v. Leonard, 611 F.2d 136, 137 (6th Cir. 1979).  In addition, "[a]lthough substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest," Mayrides v. Chaudhry, 43 Fed. Appx. 743, 746 (6th Cir. 2002), Petitioner fails to present any such allegations here.  Accordingly, Petitioner is not entitled to habeas corpus relief on this basis.

Even assuming that Petitioner has a right to a neutral and detached decision maker in the parole-release decision making process, Petitioner has failed to show that this right was violated.

Petitioner speculates that the MPB denied him release on parole because a member of the MPB was related to the victim of his crime. Petitioner was convicted of killing Dionne Braddock. According to Petitioner, her uncle, Charles Braddock is a member of the MPB. However, the records of the MPB's decision denying parole indicate that Charles Braddock was not involved in the decision denying him parole. Other than a conclusory assertion that the MPB's decision was influenced by Charles Braddock, Petitioner provides no further support for his argument. The Court is not persuaded that Charles Braddock was personally involved in the decision to deny him parole or that Petitioner was deprived of a neutral and detached decision-maker. Therefore, the Court denies habeas relief on this ground.

II.

For the reasons stated above, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

Dated: April 2, 2007        s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Emmanuel Brown, #239211, Chippewa Correctional Facility, 4269 W M-80, Kincheloe, MI 49784 on this date, April 2, 2007, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160